UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| RAYMOND OSCAR LAYMON, | Case No. 3:24-cv-00106-MMD-CLB |
|---|---|
| Petitioner, | ORDER |
| v. | |
| STATE OF NEVADA, *et al.*, | |
| Respondents. | |

**I.   SUMMARY**

Petitioner Raymond Oscar Laymon, a *pro se* Nevada prisoner, submitted a Petition for Writ of Habeas Corpus (ECF No. 1-1). On March 7, 2024, the Court instructed Petitioner to submit a complete application to proceed *in forma pauperis* ("IFP") or pay the $5.00 filing fee. (ECF No. 4.) On March 7, 2024, Petitioner filed his financial certificate. (ECF No. 3.) On March 18, 2024, Petitioner filed a complete IFP application. (ECF No. 5.)

**II.   DISCUSSION**

**A.   IFP Application**

A $5.00 filing fee is required to initiate a habeas action in a federal district court. 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees. The Court may authorize an individual to begin an action without prepaying fees and costs if the person demonstrates indigency. 28 U.S.C. § 1915; LSR 1-1, 1-2. The IFP application must be submitted on the form provided by the Court and include specific financial information and a declaration confirming under the penalty of perjury that the financial information is true. *Id.*

The financial certificate shows Petitioner is able to pay the $5 filing fee. Thus, he does not qualify for a fee waiver. The Court therefore denies the IFP application and gives Petitioner 45 days from the date of this order to pay the $5 filing fee.

### B. 28 U.S.C. § 2254 Form Petition

Petitioner challenges a state conviction and sentence and did not file his petition on the Court's approved form as required. Because Petitioner is in custody under a Nevada judgment of conviction, he may file a motion to vacate judgment and/or correct illegal sentence in state court. A 28 U.S.C. § 2254 petition is the only potential avenue of federal relief. *See White v. Lambert*, 370 F.3d 1002, 1005-07 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 555 (9th Cir. 2010) (en banc). If Petitioner intends to pursue a federal habeas case under 28 U.S.C. § 2254 in this action, he must file a petition for writ of habeas corpus on the Court's required § 2254 petition form. Accordingly, if Petitioner intends to file a federal habeas case, Petitioner must file a petition on the Court's form within 45 days of the date of this order.

### III. CONCLUSION

It is therefore ordered that Plaintiff's IFP applications (ECF Nos. 1, 5) are denied.

It is further ordered that, within 45 days of the date of this order, Petitioner must pay the $5 filing fee.

The Clerk of Court is further directed to send Petitioner a blank form petition for writ of habeas corpus under 28 U.S.C. § 2254 with instructions.

It is further ordered that if Petitioner intends to file a federal habeas case, he must file a petition on the Court's form within 45 days of the date of this order.

The Clerk of Court is further directed to send Petitioner two copies of this order. If Petitioner decides to pay the filing fee from his inmate account, he must arrange to have a copy of this order attached to the check for the filing fee.

It is further ordered that Petitioner's failure to comply with this order within 45 days by paying the filing fee will result in the dismissal of this action without prejudice and without further advance notice.

DATED THIS 28th Day of March 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE