UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RAYMOND OSCAR LAYMON,

Petitioner,

v.

STATE OF NEVADA, *et al.*,

Respondents.

Case No. 3:24-cv-00106-MMD-CLB

ORDER

## I.  SUMMARY

This habeas matter is before the Court for initial review of Petitioner Raymond Oscar Laymon's *pro se* amended petition for writ of habeas corpus (ECF No. 8 ("Petition")) under 28 U.S.C. § 2241 and the rules governing § 2254 cases.[1] The Court summarily denies the Petition because it is without merit on its face.

## II.  DISCUSSION

Under Habeas Rule 4, the Court must examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). The rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

Laymon filed his Petition on the § 2241 habeas form and asserts that he is requesting "federal review of illegal state of Nevada statutes," and is "not challenging the

---

[1]All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the rules governing § 2254 cases in the United States District Courts. Petitioner filed the petition under 28 U.S.C. § 2241; however, the Court will apply the Rules in this action as authorized by Habeas Rule 1(b).

validity of [his] sentence pursuant to § 2254." (ECF No. 8 at 5.) Petitioner, however, is in custody following a state court judgment of conviction. Accordingly, the only appropriate statutory section under which he may pursue his claims is 28 U.S.C. § 2254. *See White v. Lambert*, 370 F.3d 1002, 1005-07 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 555 (9th Cir. 2010) (en banc).

Petitioner fails to assert a claim that has merit. Petitioner appears to allege that "the sentencing court lacked jurisdiction to impose any type of sentence," because "the statutory source was repealed." (ECF No. 9 at 2.) As provided by the Nevada Court of Appeals in its order affirming the denial of Petitioner's motion to correct illegal sentence, Petitioner's arguments "implicate the validity of Nevada's entire statutory scheme and, thus, the validity of his conviction." (*Id*. at 11.) A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable as a federal habeas action. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Petitioner fails to state a cognizable habeas claim.

In addition, this Court previously denied Petitioner federal habeas corpus relief in 2005. *See Laymon v. Farwell*, Case No. 3:04-cv-00209-ECR-RAM, ECF Nos. 16, 17. The Antiterrorism and Effective Death Penalty Act ("AEDPA") generally limits habeas petitioners to one round of federal habeas review. *See* 28 U.S.C. § 2244. Petitioner has already received federal habeas review of his conviction. To receive further collateral review, he must secure permission from the Ninth Circuit to file a second or successive § 2254 habeas petition.[2] *See Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) (noting that under § 2244(b)(3), federal district courts lack jurisdiction to entertain a petitioner's successive habeas petition absent permission from the court of appeals to do so).

---

[2]The All Writs Act, 28 U.S.C. § 1651, allows the Court to grant extraordinary writs where the Court has jurisdiction. *See Syngenta Crop Protection*, *Inc. v. Henson*, 537 U.S. 28, 33-34 (2002). It does not provide an independent basis for jurisdiction for a petition for a writ of mandamus or prohibition. *See id.*

1    Accordingly, the Court denies the Petition and dismisses this action.

2    **III.     CONCLUSION**

3          It is therefore ordered that Petitioner Raymond Oscar Laymon's amended petition

4    for writ of habeas corpus (ECF No. 8) is denied.

5          It is further ordered that that Petitioner is denied a certificate of appealability, as

6    jurists of reason would not find the Court's dismissal of the petition to be debatable or

7    wrong.

8          The Clerk of Court is directed to enter final judgment accordingly and close this

9    case.

10         DATED THIS 2nd Day of May 2024.

11

12                                            _____
                                             MIRANDA M. DU
13                                           CHIEF UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28